STATE OF NORTH CAROLINA v. CARLTON LEE WILLIAMS

No. 132

(Filed 8 July 1981)

**1. Indictment and Warrant § 17; Rape § 11— variance between indictment and proof—failure to dismiss improper**

The trial court erred in failing to dismiss charges of first degree sexual offense "to wit: cunnilingus and anal intercourse" in violation of G.S. 14-27.4(a) where all of the State's evidence tended to show that defendant penetrated the vaginal and rectal orifices of two girls by using a tampon, and no evidence in the record tended to show that defendant committed the act of cunnilingus or of anal intercourse with either victim.

**2. Rape § 10— photographs of victims—admissibility**

In a prosecution of defendant for engaging in sexual acts with two girls under the age of twelve, photographs of the nude girls pointing to parts of their bodies where defendant allegedly put a tampon were admissible for the purpose of illustrating the testimony of the victims, and the trial court properly instructed the jury that the photographs were for illustrative purposes only and were not substantive evidence of "anything that may or may not have happened in this case."

**3. Criminal Law § 87.1— leading questions**

　　In a prosecution of defendant for engaging in sexual acts with children who were five and nine years old, the trial court did not err in allowing the district attorney's use of leading questions.

**4. Rape § 10— "nude book"—admissibility**

　　In a prosecution of defendant for engaging in sexual acts with children under the age of twelve, the trial judge did not err in admitting into evidence a "nude book," since one of the victims testified that defendant used the book during perpetration of the crime charged.

**5. Criminal Law § 34.7; Rape § 10— defendant's guilt of other offense—admissibility**

　　In a prosecution of defendant for engaging in a sexual act with children under the age of twelve, the trial court did not err in admitting testimony by a twelve year old witness that defendant had lifted her shirt and rubbed her breasts, since such evidence was properly admitted to show intent and plan or design on the part of defendant to commit the charged crimes.

**6. Rape § 11.1— engaging in sexual act with children under twelve—taking indecent liberties not lesser offense**

　　In a prosecution of defendant under G.S. 14-27.4(a) for engaging in a sexual act with children under twelve, the trial court did not err in failing to instruct on taking indecent liberties with children in violation of G.S. 14-202.1, since taking indecent liberties with children is not a lesser included offense of the crime proscribed by G.S. 14-27.4(a).

APPEAL by defendant from judgment of *DeRamus, J.*, entered at the 10 November 1980 Session of STANLY Superior Court.

Defendant was charged in separate indictments with unlawfully and feloniously engaging in a "sexual act, to wit: cunnilingus and anal intercourse" with Deborah Bowers and with Susan Rebecca Williams, both being children "of the age of twelve years or less," and "the defendant, Carlton Lee Williams being more than four years older" than either child.

Evidence for the State tended to show that on the evening of 1 May 1980, Deborah Bowers was visiting Susie Williams at the home of Susie's father, the defendant. Susie, aged 5, testified that her father took Deborah to his bedroom and that she watched through the keyhole as defendant took Deborah's pants off and opened a box of tampons. Susie stated that defendant "put the tampax in Deborah down there (indicating her genital area)" and that he "put the tampax in Deborah five times in front and in

back." She further testified that defendant had, on the same occasion, committed similar acts with her.

Deborah Lynn Bowers, aged 9, testified that on the date in question defendant took her into his bedroom and took off her clothes. According to Deborah's account, defendant picked up a "naked book" and laid it over her head. She stated that he took a tampon and "put it in me in front and in back," and that he "kissed me up top . . . and down below." Deborah further stated that she had observed defendant through the keyhole as he did to Susie "everything he did to me."

Mary Rummage, a Detective Service Social Worker for the Stanly County Department of Social Services, testified in corroboration of the testimony of the two girls.

Defendant took the stand in his own behalf and stated that he had had disciplinary problems with the neighborhood children and that these problems in turn had caused problems with his own two children, Susie and Jeffrey. He testified that on 1 May 1980 he drove his school bus on the customary route, returning home at approximately 5:00 p.m. Shortly thereafter, he and his children went shopping for groceries. He testified that, "[o]n the day in question I neither had any contact with Deborah Bowers nor did she come to my residence."

The jury returned verdicts of guilty to two first-degree sex offenses, and defendant was sentenced in each case to a life sentence. He appealed to this Court pursuant to G.S. 7A-27.

*Norman I. Singletary, attorney for defendant.*

*Rufus L. Edmisten, Attorney General, by Lester V. Chalmers, Jr., Special Deputy Attorney General, for the State.*

BRANCH, Chief Justice.

[1] By his sixth assignment of error, defendant contends that the trial court erred in failing to dismiss the charges in that there was a fatal variance between the acts charged in the indictments and the State's proof at trial. He maintains that, while the indictments charged the specific acts of cunnilingus and anal intercourse, all of the State's evidence at trial failed to show the commission of either of those sexual offenses.

It is well settled that the evidence in a criminal case must correspond to the material allegations of the indictment, and where the evidence tends to show the commission of an offense not charged in the indictment, there is a fatal variance between the allegations and the proof requiring dismissal. *State v. Waddell*, 279 N.C. 442, 183 S.E. 2d 644 (1971); *State v. Rogers*, 273 N.C. 208, 159 S.E. 2d 525 (1968).

In the instant case, defendant was charged specifically with a first-degree sexual offense "to wit: cunnilingus and anal intercourse." G.S. 14-27.4(a) provides that,

> A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:
>
> *        *        *
>
> (2) The victim is a child of the age of 12 years or less and the defendant is four or more years older than the victim.

"Sexual act" is defined in G.S. 14-27.1(4) to mean "cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body . . . ." Defendant contends that the sexual acts of cunnilingus and anal intercourse are separate and distinct from the sexual act committed by the penetration of an object "into the genital or anal opening of another person's body." He further maintains that the State's evidence, if believed, tended to show the penetration of an object into the genital or anal opening rather than the sexual acts of cunnilingus or anal intercourse. We agree. All of the State's evidence tended to show that defendant penetrated the vaginal and rectal orifices of the two girls by using a tampon. The indictment in this case specifically denominated the sexual acts as being cunnilingus and anal intercourse. No evidence in the record tends to show that defendant committed the act of cunnilingus or of anal intercourse with either victim. We therefore hold that the trial court erred in failing to dismiss the charges of cunnilingus and anal intercourse on grounds of a fatal variance between the allegations and the proof at trial. The State may, if it elects, proceed to charge and try defendant for a "sexual offense" under that portion of G.S. 14-27.1(4) which defines sexual act as "the penetration . . . by any

object into the genital or anal opening of another person's body. . . ." *State v. Overman*, 257 N.C. 464, 125 S.E. 2d 920 (1962); *State v. Hicks*, 233 N.C. 31, 62 S.E. 2d 497 (1950).

Although we are reversing the judgment entered in this case, we nevertheless elect to address defendant's remaining assignments of error to the extent they may arise in the event of a new trial.

[2]   Defendant's first assignment of error relates to the admission into evidence, for the purpose of illustrating the victims' testimony, certain photographs depicting the victims in the nude. The photographs were made by Ms. Rummage, the social worker, and showed each girl pointing to the parts of her body where defendant had put the tampon. Defendant contends that the photographs were highly inflammatory and that their probative value was far outweighed by their extremely prejudicial effect. We disagree. It has long been the rule in this State that photographs which are properly authenticated are admissible for the purpose of illustrating the testimony of a witness. *State v. Dawson*, 278 N.C. 351, 180 S.E. 2d 140 (1971). In the instant case, the photographs were used to illustrate the testimony of both victims, and the trial court carefully instructed the jury that they were for illustrative purposes only "and not substantive evidence of anything that may or may not have happened in this case." This assignment is overruled.

[3]   Defendant next assigns as error the district attorney's use of leading questions on direct examination of the State's witnesses. We note initially that our review of this assignment is limited since defendant failed to set out in the record, as required by Rule 9(c) of the Rules of Appellate Procedure, the questions posed by the district attorney. Even so, it is settled law that "the trial judge has discretionary authority to permit leading questions in proper instances, and such discretionary action on the part of the trial judge will not be disturbed absent a showing of abuse of discretion." *State v. Clark*, 300 N.C. 116, 123, 265 S.E. 2d 204, 209 (1980). Two well-recognized exceptions to the rule against leading questions are when the witness has difficulty in understanding the question because of age or immaturity, or where "the inquiry is into a subject of delicate nature such as sexual matters." *State v. Greene*, 285 N.C. 482, 492, 206 S.E. 2d 229, 236 (1974). The pros-

ecuting witnesses in this case were children aged 5 and 9 and were testifying to matters of an extremely delicate nature. We are unable to say that the trial court abused its discretion in permitting the State to ask leading questions of the witnesses.

Defendant next contends that the trial court erred in allowing a t-shirt into evidence. The record indicates that the State attempted to offer into evidence a t-shirt, handprinted with several suggestive statements. Upon defendant's objections, the court agreed to wait and rule on its admissibility the following day. However, the record discloses that no such ruling was ever made, and upon the State's subsequent attempt to offer the t-shirt into evidence during cross-examination of defendant, the court sustained defendant's objection and refused to admit the t-shirt into evidence. Even so, defendant contends that by allowing the State to question defendant regarding the t-shirt, and ruling only later that the shirt was inadmissible, the trial court effectively put before the jury the shirt as substantive evidence. Without deciding whether the use of the t-shirt by the State would amount to prejudicial error warranting a new trial, we are hard pressed to see the relevance of this particular evidence. Defendant identified the t-shirt as his, but the State failed in any way to connect the t-shirt to the offenses charged in this case. *See* 1 Stansbury's North Carolina Evidence § 117 (Brandis Rev. 1973). Since we are reversing the judgments in the case, however, we deem it necessary only to hold that the trial court correctly sustained the defendant's objection to the admission of the t-shirt as substantive evidence.

[4] The defendant contends that the trial judge erred in admitting into evidence a "nude book." The witness Deborah Bowers testified concerning defendant's use of "a book with pictures of naked people in it." The State then offered into evidence the book, identified by Deborah as the one used by defendant. Thereafter, defendant testified that he had been in possession of the book identified as State's Exhibit Number 6, and that upon her request he had given it to Ms. Rummage.

In criminal cases every circumstance that is calculated to throw light upon the alleged crime is admissible into evidence, and any article shown by the evidence to have been used in connection with the alleged crime is competent and properly admit-

ted as evidence. *State v. Sneeden,* 274 N.C. 498, 164 S.E. 2d 190 (1968). Here the challenged evidence was properly identified and was shown by the State's evidence to have been used in connection with the crime. It was relevant in that it tended to corroborate the testimony of the witness Deborah Bowers.

This assignment of error is overruled.

**[5]** By his next assignment, defendant contends that it was error to admit the testimony of Rhonda McGee, aged 12, to the effect that defendant had lifted her shirt up and rubbed her breasts for about twenty minutes. According to the witness' testimony, the acts occurred "since about the first of May, 1980." The trial court instructed the jury that Rhonda's testimony was "not offered to show that any particular thing transpired with respect to the defendant and Susie Williams and Deborah Bowers," but was admitted "for the purpose of showing a scheme or plan or overall design and for that purpose only." As a general rule, "the State may not offer proof of another crime independent of and distinct from the crime for which defendant is being prosecuted even though the separate offense is of the same nature as the charged crime." *State v. Humphrey,* 283 N.C. 570, 572, 196 S.E. 2d 516, 518, *cert. denied,* 414 U.S. 1042 (1973). However,

> equally well-established exceptions to the rule permit proof of commission of like offenses to show, *inter alia,* intent, plan or design to commit the offense charged or to show identity of the accused. Our Court has been very liberal in admitting evidence of similar sex crimes in construing the exceptions to the general rule.

*State v. Green,* 294 N.C. 418, 241 S.E. 2d 662 (1978). We hold that this evidence was correctly admitted to show intent and plan or design on the part of defendant to commit the charged crimes.

**[6]** Finally, defendant contends that the court erred in failing to instruct on G.S. 14-202.1, taking indecent liberties with children. Defendant maintains that this offense constituted a lesser-included offense of the crime for which he was tried and therefore should have been submitted to the jury. G.S. 14-202.1 provides as follows:

> (a) a person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

The offense of taking indecent liberties with children requires proof that the crime be willful and that it be for the "purpose of arousing or gratifying sexual desire." Thus, the offense of taking indecent liberties with children requires proof of essential elements not contained in the offense proscribed by G.S. 14-27.4(a) and is therefore not a lesser-included offense of the latter first-degree sexual offense. We therefore hold that the trial court did not err in failing to instruct on G.S. 14-202.1.

For reasons stated, the judgment of the trial court is

Reversed.