STATE OF NORTH CAROLINA v. HOWARD GOFORTH

No. 8228SC158

(Filed 16 November 1982)

1. **Criminal Law § 34.8— prior crimes—competency to show common plan or scheme**

    In a prosecution of defendant for the attempted rape of his 10-year-old stepdaughter, testimony by the victim's two older sisters that defendant began sexually abusing them as they reached puberty and that defendant had had nonconsensual sexual intercourse with the eldest stepdaugther regularly from the time she was twelve until two days before the crime charged was competent to establish a common plan or scheme embracing the crime charged.

2. **Criminal Law § 138— Fair Sentencing Act—two aggravating factors based on same evidence—error not prejudicial—imposition of sentence exceeding presumptive term**

   Although the trial court erred in basing the two aggravating factors it found on the same evidence that defendant abused a position of trust by attempting to rape his stepdaughter, such error was not prejudicial, and the court acted within its discretion in finding that defendant's abuse of trust outweighed all evidence in mitigation and warranted imposition of a sentence exceeding the presumptive term for attempted first degree rape. G.S. 15A-1340.4(a)(1).

APPEAL by defendant from *Lewis, Judge.* Judgment entered 2 October 1981 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 16 September 1982.

Defendant was charged in a proper bill of indictment with attempted first-degree rape. He appeals from the judgment entered on his conviction.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis, for the State.*

*Assistant Appellate Defender Marc D. Towler for defendant-appellant.*

HILL, Judge.

The defendant was found guilty of the attempted first-degree rape of his 10-year-old stepdaughter in violation of G.S. § 14-27.6. The issues before us involve the propriety of the trial court's admission of evidence of defendant's prior sexual misconduct and the propriety of the trial court's imposition of a sentence in excess of the presumptive prison term prescribed by G.S. § 15A-1340.4(f). This Court finds no error.

The State offered evidence that early on the morning of 4 July 1981, defendant carried his sleeping stepchild from the room she shared with her older sisters to his bed and attempted to rape her. The child's mother had gone to work. Her siblings were asleep and awoke only after hearing the child's cries. Defendant denied the charge, testifying that he had merely spanked the child for having rudely awakened him that morning. Over objection, the trial court permitted testimony that defendant began sexually abusing his two other stepdaughters as they approached puberty, and that defendant had had nonconsensual intercourse

with his eldest stepdaughter regularly from the time she was twelve until two days before the attempt on the child. The jury returned a verdict of guilty. Finding the factors in aggravation outweighed the factors in mitigation, the trial court imposed a prison term *twice that of the statutory presumptive sentence.*

[1] Defendant claims the trial court improperly allowed the sisters' testimony solely as proof of his propensity to commit the crime charged. We disagree.

To avoid raising a legally spurious presumption of guilt in the minds of the jurors, the State cannot offer evidence that the accused has committed another distinct, independent or separate offense. This is true even where the offense is of the same nature as the crime charged. *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364 (1954). This general rule, however, yields to several well-recognized exceptions, among them:

> Evidence of other crimes is admissible when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission.

*Id.,* at 176, 81 S.E. 2d at 367. We find this exception applicable here. The testimony at issue tends to show that defendant systematically engaged in nonconsensual sexual relations with his stepdaughters as they matured physically, a pattern of conduct embracing the offense charged. The trial court properly admitted the evidence.

[2] We find, in addition, that the evidence supports the trial court's imposition of a prison term that exceeds the applicable presumptive sentence prescribed by G.S. § 15A-1340.4(f). As required by G.S. § 15A-1340.4(b), Judge Lewis listed the factors in aggravation and factors in mitigation and found the former outweighed the latter. Two factors were found in aggravation: (1) the offense was especially atrocious "[i]n that the offense was committed on [the child] who was at the time living in the same house with the Defendant even though perhaps not legally his stepchild" [*see* G.S. § 15A-1340.4(a)(1)(f)]; and (2) the defendant took advantage of a position of trust or confidence by committing the offense "in the house where Mrs. Goforth had her minor

children at that time when she was not present" [see G.S. § 15A-1340.4(a)(1)(n)]. The court found in mitigation that: (1) defendant's immaturity or limited mental capacity and his physical condition significantly reduced his culpability [see G.S. § 15A-1340.4(a)(2)(e)]; (2) defendant was disabled; and (3) defendant had a good reputation in his community [see G.S. § 15A-1340.4(a)(2)(m)].

G.S. § 15A-1340.4(a)(1) provides: "[T]he same item of evidence may not be used to prove more than one factor in aggravation." Defendant argues that the trial court erred by supporting both factors in aggravation with evidence of a familial relationship between defendant and the child. We agree that the trial court erred in basing both factors in aggravation essentially on evidence that defendant abused a position of trust. We find, however, that the error was not prejudicial.

There is no question that the trial court properly found the defendant took advantage of a position of trust by attempting to rape his wife's daughter to whom defendant was, for all practical purposes, a stepfather. The trial judge apparently found this evidence aggravating to the degree that it was subsumed into two headings. The resulting redundancy simply indicates the overwhelming importance of this evidence in the trial court's imposition of sentence.

The weighing of aggravating and mitigating factors is within the sound discretion of the sentencing judge. *State v. Davis*, 58 N.C. App. 330, 293 S.E. 2d 658 (1982).

> The discretionary task of weighing mitigating and aggravating factors is not a simple matter of mathematics. For example, three factors of one kind do not automatically and of necessity outweigh one factor of another kind. The number of factors found is only one consideration in determining which factors outweigh others. Although the court is required to consider all statutory factors to some degree, it may very properly emphasize one factor more than another in a particular case. N.C. Gen. Stat. 15A-1340.4(a). The balance struck by the trial judge will not be disturbed if there is support in the record for his determination. (Citations omitted.)

*Id.*, at ---, 293 S.E. 2d at 661. The court was well within its discretion in finding, in substance, that defendant's abuse of trust outweighed all evidence in mitigation and warranted imposition of a sentence exceeding the presumptive term.

In any event, defendant has failed to carry his burden by showing he was prejudiced. *See* G.S. §§ 15A-1442(6) -1443(a). Nor has defendant shown that had the court considered the circumstances in aggravation under only one statutory factor, a different result would have been reached in the weighing process. *See State v. Ahearn* (No. 821SC78, Filed 5 October 1982).

Defendant's assignments of error are overruled.

No error.

Judges HEDRICK and MARTIN concur.