STATE OF NORTH CAROLINA v. JOHN ROBERT CAMERON

No. 8315SC1236

(Filed 18 December 1984)

**1. Criminal Law § 138— strong provocation as mitigating factor—finding not required**

   Strong provocation as a mitigating factor is a conclusion which a court may or may not reach from uncontradicted evidence, and the trial court was not required to find strong provocation as a mitigating factor for a felonious assault and a second degree murder where there was evidence that defendant's wife told him that she had moved out of their home because of an adulterous relationship which she had maintained for six months and that she had her lover confirm the liaison by telephone.

**2. Criminal Law § 138— prevention of jailbreak as mitigating factor—finding not required**

   Defendant's prevention of a jailbreak by other prisoners by telling the jailer of certain developments in the jail was not a mitigating factor which the trial court was required to find even if the evidence as to it was uncontradicted and credible.

   Judge PHILLIPS dissenting.

APPEAL by defendant from *Preston, Judge.* Judgment entered 21 April 1983 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 23 August 1984.

The defendant pled guilty to assault with intent to kill inflicting serious injury and second degree murder. The Court found one factor in aggravation, that the defendant acted with premeditation and deliberation. It found three factors in mitigation which were (1) that defendant had no prior record of criminal convictions, (2) that defendant voluntarily acknowledged his wrongdoing to a law enforcement officer at an early stage of the criminal process, and (3) that the defendant had a good reputation in the community in which he lived. The Court found that the aggravating factor outweighed the mitigating factors and imposed a 45-year sentence in the murder case for which the presumptive term is fifteen years and a ten-year sentence in the assault case, for which the presumptive term is six years.

The defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Ross and Dodge, by Harold T. Dodge, for defendant appellant.*

WEBB, Judge.

The defendant concedes the aggravating factor was properly found. See *State v. Melton,* 307 N.C. 370, 298 S.E. 2d 673 (1983). He also concedes that determining the relative weight of the one aggravating and the three mitigating factors was within the discretion of the Court. See *State v. Goforth,* 59 N.C. App. 504, 297 S.E. 2d 128 (1982). The defendant contends there was evidence which was uncontradicted and manifestly credible which required findings of two additional mitigating factors. See *State v. Jones,* 309 N.C. 214, 306 S.E. 2d 451 (1983).

[1] There was evidence that the defendant's wife told him that she had moved out of their home because of an adulterous relationship that she had maintained for six months, and when the defendant expressed disbelief and urged her to return home, she had her lover confirm the liaison by telephone. The defendant contends the Court should have found from this evidence that the defendant acted under strong provocation. See G.S. 15A-1340.4 (a)(2)i. We believe that "strong provocation" as a mitigating factor is a conclusion which a court may or may not reach from uncontradicted evidence. We hold it is not a fact which the court must find under the rule of *State v. Jones, supra.*

[2] There was testimony by an Alamance County law enforcement officer that while defendant was incarcerated awaiting trial he helped prevent a jailbreak by other prisoners by telling the jailer of certain developments in the jail. As a consequence the authorities discovered that several jail window bars had been sawed through and confiscated eighteen hacksaw blades. The defendant argues that although aiding in the prevention of a jailbreak is not a statutory mitigating factor it is related to the purposes of the sentencing and should have been found by the Court. We do not believe we should hold this is a mitigating factor which the Court must find if the evidence as to it is uncontradicted and credible. We do not believe we should make a rule that a sentencing judge has to anticipate mitigating factors not

listed in G.S. 15A-1340.4 which we might think are related to the purposes of sentencing.

Affirmed.

Judge JOHNSON concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

Before imposing sentence the court was required, I think, to find and consider the two mitigating factors referred to in the majority opinion, both of which were indisputably and credibly established by the evidence in accord with the rule laid down in *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). When the credible evidence at a sentencing hearing is such that it is possible to draw different conclusions, or no conclusion at all, from it, then, of course, the choice is that of the trial judge and it cannot be upset; but when the evidence is such that only one rational conclusion can be drawn from it and that conclusion is favorable to the defendant under the principles and purposes of the Fair Sentencing Act, I do not believe that the judge is at liberty not to draw it. That would be caprice, not law. In my opinion the only rational conclusion that can conceivably be drawn from the paramour's confirmatory and taunting telephone call to defendant is that, to say the very least, it was strongly provocative; and it can only be concluded, I think, that preventing a jailbreak is a valuable service to both law enforcement and public safety, each of which is obviously in accord with the highest purposes of sentencing. That preventing a jailbreak is not on the statutory list of mitigating factors which sentencing judges must consider is, in my opinion, immaterial since it is as strongly related to the purposes of sentencing as any of the factors that are on the list, and judges are expressly authorized to find other factors that serve the purposes of sentencing. Since the judge based the sentences imposed on aggravating and mitigating factors authorized by the Act, he had the plain duty, it seems to me, to give defendant credit for the valuable service that he admittedly and indisputably rendered to law enforcement and the public safety.