STATE OF NORTH CAROLINA v. JOSEPH J. DeLEONARDO

No. 691A84

(Filed 18 February 1986)

1. Rape and Allied Offenses § 5— first degree sexual offense—evidence sufficient

The evidence in a prosecution for two charges of first degree sexual offense was sufficient to permit the jury to find beyond a reasonable doubt that defendant penetrated the anal openings of both his sons with his penis where both children testified and demonstrated by anatomically correct dolls the manner in which defendant inserted his penis into their backsides. N.C.G.S. 14-27.4.

2. Witnesses § 1.2— first degree sexual offense—child witness—competent

The trial court did not err in a prosecution for first degree sexual offense by denying defendant's motion to suppress the testimony of one of the victims, his twelve-year-old son, on the grounds that he was an incompetent witness where the son's answers to questions demonstrated a sufficient level of intelligence to express himself concerning the matter involved so as to be understood and an understanding of the importance of telling the truth; the trial judge relied not only on the testimony of others but primarily on his personal observation of the child's demeanor and responses to inquiry on the *voir dire* exam; and it was clear that the trial court considered the overall competency of the witness as to his mental capacity and age as those factors affected his ability to understand and relate under oath facts concerning the charge of first degree sexual offense committed upon him. N.C.G.S. 8C-1, Rule 601(a).

3. Rape and Allied Offenses § 4.1; Criminal Law § 34.9— first degree sexual offense—evidence of a separate offense—admissible

In a prosecution for first degree sexual offenses committed by defendant against his sons, evidence relating to sexual activity involving defendant's three-year-old daughter was properly admitted where the challenged evidence tended to establish a common plan or scheme on the part of defendant to sexually abuse his children, the evidence met the test of relevancy in that it tended to make the crimes for which defendant was charged more probable than they would be without the evidence, and the probative value of the challenged evidence was not outweighed by the danger of unfair prejudice because both defendant's sons testified and demonstrated with anatomically correct dolls that defendant had abused them and there was no evidence to the contrary. Moreover, defendant failed to show that a different result would have been reached had this evidence not been admitted. N.C.G.S. 8C-1, Rule 404(a), N.C.G.S. 8C-1, Rule 404(b), N.C.G.S. 8C-1, Rule 401, N.C.G.S. 8C-1, Rule 403, N.C.G.S. 15A-1443(a).

Justice BILLINGS did not participate in the consideration or decision of this case.

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing concurrent sentences of life imprisonment, entered by *Seay, J.*, at the 15 August 1984 Criminal Session of Superior Court, ROWAN County, upon jury verdicts of guilty upon two indictments charging first-degree sexual offense in violation of N.C.G.S. § 14-27.4.

*Lacy H. Thornburg, Attorney General, by Francis W. Crawley, Assistant Attorney General, for the State.*

*R. Darrell Hancock and David B. Wilson, for defendant-appellant.*

FRYE, Justice.

Defendant was charged in two bills of indictment with first-degree sexual offense in violation of N.C.G.S. § 14-27.4. The cases were consolidated for trial. Evidence for the State tended to show that on 2 May 1984 the victims were at home with their father, defendant in this case. Defendant called the boys,[1] ages nine and twelve, into a bedroom and directed them to remove their clothing. Defendant then lay on top of the older boy and inserted his penis into the boy's anus. When the child began to cry, defendant choked him and beat him on his head and arms with a shoe. Defendant did not attempt to assault the younger son at this time. The boys then dressed and left the bedroom.

The State's evidence also disclosed that on or about 25 April 1984, defendant sexually assaulted the younger son by inserting his penis in the boy's anus. The younger son testified and demonstrated the act with anatomically correct dolls. The younger son also testified that defendant made him attempt to insert his penis into his younger sister's vagina five times, and that he actually placed his penis inside her on one occasion.

Both victims testified that defendant had sexually assaulted them numerous times in the past year or more, and that he had made them perform fellatio on him on some occasions.

One of the State's witnesses, Lavelle Smith, a Salisbury Police Officer, testified that she saw the younger son on 3 May

---

1. References to the names of the victims have been deleted throughout the opinion in order to avoid further unnecessary embarrassment to them.

1984 and again on 9 May 1984, and that he told her that defendant had placed his penis into the backsides of the younger son and his brother and that defendant had made him place his penis inside his younger sister's vagina.

Defendant did not testify at trial. The jury returned verdicts of guilty of first-degree sexual offense in each case.

## I.

Defendant brings forward four assignments of error. We shall consider them in inverse order.

[1] Defendant assigns as error the denial by the trial court of his motions to dismiss the two charges of first-degree sexual offense on the grounds that the evidence was insufficient to support the offenses charged. By these assignments of error defendant contends that the State's evidence failed to show the element of penetration of the victims' anal openings by defendant, and therefore was insufficient to prove the crimes of first-degree sexual offense in violation of N.C.G.S. § 14-27.4. This statute provides in pertinent part as follows:

(a) A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:

(1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim;

N.C.G.S. § 14-27.4(a)(1) (Cum. Supp. 1985).

The term "sexual act" as used in this statute means cunnilingus, fellatio, analingus, or anal intercourse. It also means the penetration, however slight, by any object into the genital or anal opening of another person's body. N.C.G.S. § 14-27.1(4) (1981). Anal intercourse requires penetration of the anal opening of the victim by the penis of the male. *State v. Atkins*, 311 N.C. 272, 316 S.E. 2d 306 (1984).

Both children testified and demonstrated with anatomically correct dolls the manner in which defendant inserted his penis into their backsides. This evidence was sufficient to permit the jury to find beyond a reasonable doubt that defendant penetrated the anal openings of both of the boys with his penis. The motions to dismiss were properly denied.

## II.

**[2]** We next consider defendant's contention that the trial court erred in denying his motion to suppress the testimony of the older son on the grounds that he was an incompetent witness, and therefore incapable of testifying against defendant.

At defendant's trial the judge excused the jury and conducted a *voir dire* hearing in order to determine the competency of the older son to testify as a witness for the State. The trial court found the witness competent to testify and entered the following ruling:

> In the absence of the jury, voir dire examination was conducted to determine the competency, insofar as age is concerned, of the witness, [the older son], and by the evidence offered by the State and by the defendant, the Court finds as a fact that [the older son] is age 12. That he has completed the fifth grade in the school system of [name of school system], taking some of his classes under special education, but had been advanced to the sixth grade, and is to begin the sixth grade at [a certain] Junior High School. That he knew his home address and the name of the principal at [name of school]. That IQ test [sic] given at the school indicated an IQ of 64. That the Wechsler Child Intelligence Test-Full Scale indicated an IQ of 55, placing the child . . . in the mildly retarded area. The Court further finds and determines that the witness is literate and can read and write and is capable of writing reports in cursive. That he understands what it means to tell the truth and knows that he is a member of the [name of church], and that it is wrong to lie, and that it is a sin to lie, and the Court finds that on point of age and understanding, the witness . . . is competent to testify, and the objection of the defendant — will this be a motion to suppress his testimony. All right. Motion to suppress his testimony is denied and dismissed.

The law in North Carolina with respect to determining a child's competency to testify was stated clearly by Justice Lake in *State v. Turner*, 268 N.C. 225, 230, 150 S.E. 2d 406, 410 (1966):

> There is no age below which one is incompetent, as a matter of law, to testify. The test of competency is the capac-

ity of the proposed witness to understand and to relate under the obligation of an oath facts which will assist the jury in determining the truth of the matters as to which it is called upon to decide. This is a matter which rests in the sound discretion of the trial judge in the light of his examination and observation of the particular witness.

*See also State v. Jones*, 310 N.C. 716, 722, 314 S.E. 2d 529, 533 (1984); *State v. Oliver*, 302 N.C. 28, 48-49, 274 S.E. 2d 183, 196 (1981).

The rule on determining the mental competency of a witness to testify was stated in *State v. Benton*, 276 N.C. 641, 650, 174 S.E. 2d 793, 799 (1970) as follows:

Unsoundness of mind does not per se render a witness incompetent, the general rule being that a lunatic or weak-minded person is admissible as a witness if he has sufficient understanding to apprehend the obligation of an oath and is capable of giving a correct account of the matters which he has seen or heard with respect to the questions at issue. The decision as to the competency of such a person to testify rests largely within the discretion of the trial court.

Competency of a witness to testify in criminal and civil cases in the courts of this State is now governed by the North Carolina Rules of Evidence.[2] The general rule is that every person is competent to be a witness unless disqualified by the Rules of Evidence. N.C.G.S. § 8C-1, Rule 601(a) (Cum. Supp. 1985). Rule 601(b) provides as follows:

(b) Disqualification of Witness in General. A person is disqualified to testify as a witness when the court determines that he is (1) incapable of expressing himself concerning the matter as to be understood, either directly or through interpretation by one who can understand him, or (2) incapable of understanding the duty of a witness to tell the truth.

This subdivision (b) establishes a minimum standard for competency of a witness and is consistent with North Carolina practice.

2. The North Carolina Rules of Evidence became effective 1 July 1984. 1983 N.C. Sess. Laws ch. 701, § 3.

Commentary, N.C.G.S. § 8C-1, Rule 601(b) (Cum. Supp. 1985). *See generally*, 1 Brandis on North Carolina Evidence § 55 (1982).

The record in this case discloses that the son involved was not disqualified as a witness under Rule 601(b) and the cases cited above. His answers to questions demonstrated a sufficient level of intelligence to express himself concerning the matter involved so as to be understood and an understanding of the importance of telling the truth. The trial judge, in exercising his discretion in ruling on the competency of the child as a witness, relied not only on the testimony of others, but primarily on his personal observation of the child's demeanor and responses to inquiry on the *voir dire* examination. *State v. Fearing*, 315 N.C. 167, 337 S.E. 2d 551 (1985). We find no basis for concluding that the trial court abused its discretion in finding the child competent to testify. Although the trial court in its ruling stated that the reason for conducting the *voir dire* hearing was "to determine the competency, insofar as age is concerned," it is clear that the trial court considered and determined the overall competency of the witness as to his mental capacity and his age as these factors affected his ability to understand and relate under oath facts concerning the charge of first-degree sexual offense committed upon him. We reject defendant's assignment of error.

## III.

[3] Next, defendant contends that the trial judge erred in admitting evidence relating to defendant's sexual activity involving his minor daughter since the introduction of such evidence was an attempt by the prosecution to introduce evidence of defendant's bad character and to show that he acted in conformity therewith. Defendant argues that such an attempt by the prosecution is prohibited under Rule 404(a) of the North Carolina Rules of Evidence.[3] The State contends that the challenged evidence was correctly admitted to show intent and plan or design on the part of defendant to commit the crimes charged, a recognized exception under Rule 404(b).

---

3. For actions and proceedings commenced after 1 July 1984, the admissibility of evidence of crimes for which the defendant is not on trial is governed by Rule 404(b) of the North Carolina Rules of Evidence. Because this case was tried after the effective date of the evidence code, Rule 404(b) states the applicable rule of evidence to be applied.

The State presented evidence of the offenses charged beginning with the testimony of defendant's younger son. He testified that:

> [a]fter my father was arrested, I told my mother something that I had never told her before. I told her that we had been sexually abused.
>
> Q. When you say "we" who do you mean?
>
> A. Me, my brother and my sister.
>
> MR. HANCOCK: Object to reference to sister.
>
> THE COURT: Overruled.
>
> I then told my mother the reason [the older son] had gotten hit and abused was, well, my daddy was sexually abusing [the older son] by sticking his penis in [the older son's] rear side, and well, he got mad and strangled him, put him on the floor and took his shoe and hit him with it on his arms and on his head. This happened on May 2, the day before my father was arrested.

Without objection from defendant, the younger son further testified and demonstrated with anatomically correct dolls that defendant "made me stick my penis in [his sister's] penis [sic]" while defendant lay on the bed watching.

Defendant's twelve-year-old son also testified and demonstrated with anatomically correct dolls a sexual act of anal intercourse performed on him by defendant on 2 May 1984. During his testimony, the assistant district attorney asked:

> Q. [Calling older son by his first name], has he ever done anything with [your sister] while you've been there?
>
> MR. HANCOCK: Objection.
>
> THE COURT: Overruled.
>
> Q. . . . did you understand my question?
>
> A. Yes.
>
> Q. Have you ever seen him do anything with [your sister]?
>
> A. No.

State v. DeLeonardo

Another State's witness, Lavelle Smith, a Salisbury Police Officer assigned to sex crimes and child abuse cases, testified that she saw defendant's younger son on 3 May and 9 May 1984. The prosecuting attorney then asked:

> Q. Did you go into the kind of specific details and specifics of the acts on May 3, or was that later, May 9, when you were able to go through the specifics?

> A. On May 3, [the younger son] told me that his father had placed his genitals in his rear side. He had also placed his genitals in [the older son's] rear side, and that [defendant] had [the younger son] to place his genitals in [his sister's] genitals.

MR. HANCOCK: Objection.

THE COURT: Overruled.

Since *State v. McClain*, 204 N.C. 171, 81 S.E. 2d 364 (1954), it has been accepted as an established principle in North Carolina that "the State may not offer proof of another crime independent of and distinct from the crime for which defendant is being prosecuted even though the separate offense is of the same nature as the charged crime." *State v. Williams*, 303 N.C. 507, 513, 279 S.E. 2d 592, 596 (1981). This principle is now codified in Rule 404(b) of the North Carolina Rules of Evidence which also lists several well-recognized exceptions. *See* N.C.G.S. § 8C-1, Rule 404(b) (Cum. Supp. 1985).

Rule 404(b) of the North Carolina Rules of Evidence provides as follows:

> (b) *Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

Rule 404 is identical to Federal Evidentiary Rule 404, except for the addition of the word "entrapment" in the last sentence of subdivision (b). Subdivision (b) permits the introduction of specific "crimes, wrongs, or acts" for a legitimate purpose other than to

prove the conduct of a person. In so doing, subdivision (b) is consistent with North Carolina practice prior to its enactment. It *should be noted that the list of purposes in the last sentence of the subdivision is not exclusive and the fact that evidence cannot be brought within a category does not necessarily mean that the evidence is inadmissible.* While the rule does not offer a "mechanical solution," once it is established that the evidence is admissible under Rule 404(b), the determination must be made whether the danger of undue prejudice outweighs the probative value of *the evidence in view of the availability of other means of proof* and other factors appropriate for making decisions of this kind under Rule 403. *See* Commentary, N.C.G.S. § 8C-1, Rule 404(b) (Cum. Supp. 1985).

The challenged evidence would have been admissible under the rule stated in *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364. In that case, this Court held that evidence that the defendant committed similar offenses is admissible

> when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission.

*Id.* at 176, 81 S.E. 2d at 367.

"Our Court has been very liberal in admitting evidence of similar sex crimes in construing the exceptions to the general rule." *State v. Williams*, 303 N.C. 507, 513, 279 S.E. 2d 592, 596. In *Williams* (judgment reversed on the grounds of fatal variance between allegations and proof), the defendant was charged with two counts of first-degree sexual offense. The trial court admitted the testimony of a third girl who testified that shortly after the date of the offense charged, the defendant had lifted her shirt and rubbed her breasts for about twenty minutes. This Court held that this evidence was properly admitted to show intent and plan or design on the part of the defendant to commit the charged crimes.

In *State v. Effler*, 309 N.C. 742, 309 S.E. 2d 203 (1983), the victim's testimony disclosed similar circumstances between the sexual offense charged (anal intercourse) and another sexual offense (fellatio) which occurred approximately two weeks later, and

this Court stated that the testimony concerning the latter inci-
dent was admissible to show a common plan or scheme on the
part of the defendant to commit the crime charged.

In *State v. Goforth*, 59 N.C. App. 504, 297 S.E. 2d 128, *rev'd
and remanded for resentencing on other grounds*, 307 N.C. 699,
307 S.E. 2d 162 (1983), the defendant was found guilty of at-
tempted first-degree rape of his ten-year-old stepdaughter. Over
objection by the defendant, the State presented evidence that the
defendant began abusing his two other older stepdaughters as
they approached puberty and that defendant had nonconsensual
intercourse with his eldest stepdaughter regularly from the time
she was twelve until two days before the attempt on the young-
est child. The Court of Appeals held that this evidence was prop-
erly admitted to show that "defendant systematically engaged in
nonconsensual sexual relations with his stepdaughters as they
matured physically, a pattern of conduct embracing the offense
charged." *Id.* at 506, 297 S.E. 2d at 129.

In the case *sub judice*, as in *Williams*, *Effler*, and *Goforth*,
the challenged evidence tends to establish a common plan or
scheme on the part of defendant to sexually abuse his children.
Therefore, the evidence relating to sexual activity involving de-
fendant's three-year-old daughter was properly admitted under
Rule 404(b).

## IV.

Finally, we consider defendant's contention that the trial
judge committed prejudicial error in admitting evidence relating
to defendant's sexual activity involving his three-year-old daugh-
ter[4] on the grounds that such evidence lacks probative value and
its admission constitutes prejudicial error under N.C.G.S. § 15A-
1443(a). The State contends that the challenged evidence was
clearly relevant to the charges of first degree sexual offense and
that the probative value of the evidence was not outweighed by
its prejudicial effect.

The evidence of the sexual acts involving defendant's young
daughter in conjunction with defendant's sons' testimony shows a

---

4. This is the same evidence to which defendant assigns error in Part III of
this opinion.

continuing course of sexual abuse by defendant of his children. The challenged evidence thus tends to make the existence of the crimes for which defendant was charged more probable than it would be without the evidence.[5] Thus it meets the test of relevancy. *See* N.C.G.S. § 8C-1, Rule 401 (Cum. Supp. 1985); *see also State v. Pridgen*, 313 N.C. 80, 326 S.E. 2d 618 (1985); *cf. State v. Stone*, 240 N.C. 606, 83 S.E. 2d 543 (1954) (possession of prophylactics insufficient to prove incest or sexual intercourse seven months earlier). Notwithstanding its relevancy, evidence may nevertheless be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, . . . ." N.C.G.S. § 8C-1, Rule 403 (Cum. Supp. 1985). "Unfair prejudice," as used in Rule 403, means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, as an emotional one." Commentary, N.C.G.S. § 8C-1, Rule 403 (Cum. Supp. 1985). We have carefully reviewed defendant's sons' testimony and that of the Salisbury Police Officer and we do not find the probative value of the challenged evidence to be substantially outweighed by the danger of any unfair prejudice to defendant. Both of defendant's sons testified and demonstrated with anatomically correct dolls that defendant had sexually abused them. There was no evidence to the contrary. Under these circumstances we find no suggestion that the jury may have reached its decision on an improper basis. Even assuming error *arguendo*, defendant has failed to meet his burden of showing that a reasonable possibility exists, that had the evidence relating to sexual activity involving his daughter not been admitted, a different result would have been reached at his trial. *See* N.C.G.S. § 15A-1443(a) (1983); *see also State v. Billups*, 301 N.C. 607, 272 S.E. 2d 842 (1981). Defendant received a fair trial free from prejudicial error.

No error.

Justice BILLINGS did not participate in the consideration or decision of this case.

---

5. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the [case] more probable or less probable than it would be without the evidence." N.C.G.S. § 8C-1, Rule 401 (Cum. Supp. 1985).