**STATE v. JULIAN**

[345 N.C. 608 (1997)]

No. 408A95

(Filed 7 March 1997)

**1. Criminal Law § 547 (NCI4th Rev.)— first-degree murder— juror's request to be replaced—denied**

The trial court did not abuse its discretion in a capital first-degree murder prosecution (with a life sentence) by not declaring a mistrial and by not individually questioning a juror about her fitness to continue jury service after the juror requested that she be relieved of her jury duties, stating that she was emotionally distraught and physically ill and that she was ". . . not able to handle someone's fate being in her hands." The trial court properly admonished the jurors not to surrender their honest convictions and there is no indication that the court's instructions were not followed. There is no indication that the juror's ability to be

STATE v. JULIAN

[345 N.C. 608 (1997)]

impartial was impaired and defendant has not shown that he did not receive the treatment that the law requires; thus, neither prejudice nor abuse of discretion has been shown.

**Am Jur 2d, Trial §§ 1703, 1708, 1713.**

2. **Evidence and Witnesses § 179 (NCI4th)— murder of estranged spouse—evidence of interracial sexual relations—excluded**

The trial court did not err in the prosecution of defendant for the first-degree murder of his estranged wife by excluding testimony regarding rumors concerning the victim's sexual relations with a black man and possible drug use where defendant argued that this testimony was highly probative of state of mind and should have been admitted to help prove diminished capacity because it may have tipped the scales toward second-degree murder. The trial court could, in its discretion, find that this evidence was being offered to unfairly prejudice the State, to confuse the issues, and to mislead the jury by inflaming the jury's passions against the victim by implying that she was involved in an interracial relationship and that she was a drug user. N.C.G.S. § 8C-1, Rule 403.

**Am Jur 2d, Evidence §§ 331, 333, 373; Homicide §§ 283, 301, 307.**

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Wood, J., at the 16 April 1995 Criminal Session of Superior Court, Randolph County, upon a jury verdict of guilty of first-degree murder. Heard in the Supreme Court 13 February 1997.

*Michael F. Easley, Attorney General, by Gail E. Weis, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Staples Hughes, Assistant Appellate Defender, for defendant-appellant.*

FRYE, Justice.

Upon proper indictment, Phillip Wayne Julian (defendant), was tried and convicted of murder in the first degree of his estranged wife, Dena Pierce Julian (Pierce). At the capital sentencing proceeding, the jury did not find the existence of the sole aggravating circumstance submitted and thus recommended a sentence of life

imprisonment. On 4 May 1995, Judge William Z. Wood, Jr. entered a judgment imposing a sentence of life imprisonment.

On appeal to this Court, defendant brings forward two assignments of error. After reviewing the record, transcript, and briefs in this case, we conclude that defendant received a fair trial, free of prejudicial error.

The State's evidence presented at trial tended to show the following facts and circumstances. Defendant and Pierce married in June 1989, when Pierce was eighteen years old and defendant was twenty-five years old. During their marriage, defendant repeatedly beat Pierce, and she moved in with her mother on several occasions. After Pierce and defendant separated in February 1993, defendant continued to harass and threaten her even though she had secured a restraining order after moving in with her mother. On 2 June 1993, defendant went to Pierce's mother's home, told their two children to go outside, and repeatedly stabbed Pierce. She died as a result of loss of blood from multiple stab wounds.

Defendant did not testify at trial but presented the testimony of thirteen witnesses during the guilt/innocence phase of the trial. Among these witnesses was Dr. Billy Royal, an expert witness in forensic psychiatry. Dr. Royal testified that he evaluated defendant and made diagnoses of mild mental retardation, alcohol addiction and dependency currently in remission, adjustment disorder with disturbance of emotion and conduct, cocaine addiction in remission, major depression and chronic depression, personality disorder with obsessive paranoid dependent borderline features, anxiety disorder and chronic diabetes. In Dr. Royal's opinion, defendant was not able to rationally contemplate what he was doing and did not understand the consequences of his actions on 2 June 1993.

[1] By an assignment of error, defendant contends that the trial court erred by not declaring a mistrial and by failing to individually question a juror about her fitness to continue jury service after the juror requested that she be relieved of her jury duties. We disagree.

The presiding judge is vested with broad discretion in matters relating to the conduct of the trial. *State v. Rhodes*, 290 N.C. 16, 23, 224 S.E.2d 631, 635 (1976). "Upon a defendant's motion, the trial court must declare a mistrial 'if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the

defendant's case.' " *State v. Howell*, 343 N.C. 229, 237, 470 S.E.2d 38, 42 (1996) (quoting N.C.G.S. § 15A-1061 (1988)). "[A] mistrial is appropriate only when there are such serious improprieties as would make it impossible to attain a fair and impartial verdict under the law." *State v. Norwood*, 344 N.C. 511, 537, 476 S.E.2d 349, 361 (1996) (quoting *State v. Calloway*, 305 N.C. 747, 754, 291 S.E.2d 622, 627 (1982) (alteration in original)).

In *State v. King*, 343 N.C. 29, 468 S.E.2d 232 (1996), we said:

It is well settled that a motion for a mistrial and the determination of whether defendant's case has been irreparably and substantially prejudiced is within the trial court's sound discretion. *State v. Williamson*, 333 N.C. 128, 423 S.E.2d 766 (1992). The trial court's decision in this regard is to be afforded great deference since the trial court is in a far better position than an appellate court to determine whether the degree of influence on the jury was irreparable. *Id.* at 138, 423 S.E.2d at 772.

*King*, 343 N.C. at 44, 468 S.E.2d at 242. The scope of our review, then, is to determine whether the trial court abused its discretion in denying defendant's motion.

In the instant case, the court reconvened following an overnight recess. After ascertaining that all jurors were present in the courtroom, the trial judge excused the jurors so he could "discuss a matter with the attorneys" and told them not to resume deliberations until they had received the verdict sheet. Outside the presence of the jury, the trial court stated, "I have a note here, gentlemen, from one of [the] jurors." The note from juror Liberatore read as follows:

I regret to admit that I'm not able to handle someone's fate being in my hands. I could not see this coming or I certainly would have expressed this at the onset of this case. I've been emotionally distraught and physically ill since yesterday afternoon when the moment of decision arrived.

I respectfully request that I be dismissed from my duties and an alternate replace me. My sincere apology to all involved.

Defendant argues that it is possible that some event occurred compromising this juror's impartiality and causing her to write this note. Defendant also argues that the trial court did not take satisfactory steps to ensure that this juror was capable of impartially and fairly participating in further deliberations. Therefore, defendant contends

that the trial court abused its discretion in overruling his motion for a mistrial.

We note that the trial court, after discussing the matter with the attorneys, informed the jurors that it was without authority to "excuse any juror after the deliberations are begun," *see* N.C.G.S. § 15A-1215(a) (1988), and instructed the jurors to "decide the case for [themselves] . . . after an impartial consideration of the evidence with [their] fellow jurors." Following the court's instructions, defense counsel stated that there were no further instructions or requests and purportedly renewed the motion for mistrial. The jury then resumed deliberations and returned a verdict of guilty of first-degree murder. After the clerk read the jury's verdict, the jurors were individually polled, and juror Liberatore showed no uncertainty as to her verdict of guilty.

We conclude that no abuse of discretion attended the trial court's ruling with respect to defendant's motion here. The trial court properly admonished the jurors not to "surrender [their] honest conviction as to the weight or effect of the evidence solely because of the opinion of [their] fellow jurors or for the mere purpose of returning a verdict," and there is no indication either in the record or in defendant's argument that the court's instructions were not followed. There is no indication that juror Liberatore's ability to be impartial was impaired, and defendant has not shown that he did not receive the treatment that the law requires. Thus, neither prejudice nor abuse of discretion has been shown. *See State v. McLaughlin*, 323 N.C. 68, 372 S.E.2d 49 (1988), *sentence vacated on other grounds*, 494 U.S. 1021, 108 L. Ed. 2d 601 (1990). Accordingly, we hold that the trial court did not abuse its discretion in denying defendant's motion for mistrial.

[2] By another assignment of error, defendant contends that the trial court erred by excluding highly probative evidence bearing on his mental state at the time of the offense.

At trial, defendant attempted to introduce testimony by his cousin, Joyce Webster, regarding rumors she had heard at her place of employment about Pierce's sexual relations with a black man and possible drug use. Defendant argues that this testimony was highly probative of his state of mind at the time of the murder and that it should have been admitted to help prove his diminished capacity. Defendant contends this evidence may have "tipped the scales" in favor of a conviction of second-degree murder.

The State, however, contends that the trial court did not err in excluding this evidence of rumor and speculation pursuant to Rule 403 of the North Carolina Rules of Evidence. The State argues that "[d]efendant was able to present evidence of his diminished capacity without resorting to evidence of rumors and appeals to racial prejudice that did not meet the requirements of the rules of evidence."

Rule 403 of the North Carolina Rules of Evidence provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

N.C.G.S. § 8C-1, Rule 403 (1992). Relevant evidence is properly admissible unless the judge determines that it must be excluded, for instance, because of "unfair prejudice, confusion of the issues, or misleading the jury." *Id.* " 'Unfair prejudice,' as used in Rule 403, means 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, as an emotional one.' " *State v. DeLeonardo*, 315 N.C. 762, 772, 340 S.E.2d 350, 357 (1986) (quoting N.C.G.S. § 8C-1, Rule 403 commentary (Supp. 1985)). "In general, the exclusion of evidence under the balancing test of Rule 403 of the North Carolina Rules of Evidence is within the trial court's sound discretion." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

In the instant case, the trial court, after conducting an extensive *voir dire* of Webster and listening to arguments of counsel, ruled on the admissibility of the evidence by stating, "What we're going to do at this time is exclude it[,] as [its] probative value . . . is substantially outweighed by the danger of unfair prejudice and misleading of the issues and confusion to the jury." The next day, defendant asked the court to reconsider its ruling. When the trial court denied defendant's request, defendant requested more specific findings of fact to support its ruling. The court stated:

> The only unfair prejudice to the State is racial in nature, that it inflames the passions of the jury to prove unfounded allegations that [the victim] was using drugs when there's no evidence whatsoever of that. It's inflaming the passions of the jury in a racial manner to use bigotry and prejudice to secure a verdict in this case rather than the law and the facts.

We conclude that the trial court did not abuse its discretion in excluding Webster's testimony about rumors she had heard at her place of employment regarding the victim. The trial court could find, in its discretion, that this evidence was being offered to unfairly prejudice the State, to confuse the issues, and to mislead the jury by inflaming the jury's passions against the victim by implying that she was involved in an interracial relationship and that she was a drug user. Accordingly, we reject this assignment of error.

For the foregoing reasons, we hold that defendant received a fair trial, free of prejudicial error.

NO ERROR.