After reviewing Deputy Commissioner Glenns Order, the proceedings based on a very limited record on appeal, and the briefs and arguments of the parties, the Full Commission Vacates the Order of Deputy Commissioner Glenn and enters the following.
The hearing on August 24, 1999 before Deputy Commissioner Glenn was not completed due to his concerns, which are unclear from the limited record and occurred during the course of the hearing concerning plaintiffs competency. The evidentiary record was not completed; defendants did not have an opportunity to present all of their witnesses or for complete cross-examination of plaintiff and no medical depositions were taken. Medical depositions concerning the merits of the case would not have been appropriate at that time and are not appropriate at this time as the lay testimony of record is incomplete at this time.
In general a trial court judge has the authority to determine the competency of witnesses. State v. DeLeonardo, 315 N.C. 762, 340 S.E.2d 350
(1986). The trial judge may conduct a voir dire hearing to determine the competency of a witness to testify. Id. The North Carolina Rules of Evidence, which govern the competency of a witness to testify in criminal and civil cases are instructive on the substance of voir dire hearings. The general rule is that all witnesses are competent to testify unless
disqualified by the Rules of Evidence. N.C. Gen. Stat. 8C-1, Rule 601(a) (1999). Furthermore, Rule 601(b) states:
A person is disqualified to testify as a witness when the court determines that he is (1) incapable of expressing himself concerning the matter as to be understood, either directly or through interpretation by one who can understand him, or (2) incapable of understanding the duty of a witness to tell the truth.
The Full Commission finds and concludes that the Deputy Commissioner sits in the place of a trial judge in a workers compensation hearing and the Deputy Commissioner has the same authority to determine competency of a witness to testify. This authority does not include the broader determination of competency to handle ones legal and financial affairs, which is left to the courts of general jurisdiction.
Therefore, the Deputy Commissioner has the authority to conduct a voirdire hearing of plaintiff to determine whether he is incapable of expressing himself directly or through someone who can understand him or whether he is incapable of telling the truth. If plaintiff is capable of expressing himself and capable of understanding the significance of telling the truth under oath, then he is competent to testify.
Plaintiff and plaintiffs attorney contend that plaintiff is in fact competent to testify. The only evidence regarding competency is a letter dated December 9, 1999 from Dr. Powell, which is ambiguous but seems to indicate plaintiffs competency to testify. In order to determine both competency to testify and the merits of this case, this matter is hereby Remanded to be set for hearing and heard promptly by a Deputy Commissioner in Fayetteville or another location convenient to the parties. Considering the circumstances of the case and the length of time since the previous hearing, a full de novo hearing is appropriate. No costs are assessed at this time.
This the ___ day of October 2000.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ CHRISTOPHER SCOTT COMMISSIONER