STATE OF NORTH CAROLINA v. JAMES FREDERICK FRAZIER

No. 319A86

(Filed 7 April 1987)

**Criminal Law § 34.8— prior sexual misconduct with victim—relevancy to show common plan or scheme**

In a prosecution for first degree sex offense against defendant's nine-year-old stepson, evidence of defendant's prior sexual misconduct with the victim was admissible pursuant to N.C.G.S. § 8C-1, Rule 404(b) under a common scheme or plan theory to show that defendant was the perpetrator of the offense allegedly committed on the date in question where defendant, on cross-examination of a State's witness, injected the theory that a visitor from Florida, rather than defendant, was the perpetrator of the sexual offenses described by the victim. Furthermore, the trial court did not abuse its discretion in determining that the probative value of evidence of prior sexual misconduct outweighed the danger of undue prejudice to defendant. N.C.G.S. § 8C-1, Rule 403.

APPEAL by defendant pursuant to N.C.G.S. 7A-27(a) from a judgment imposing a life sentence entered by *Sitton, J.,* at the 3 February 1986 Criminal Session of Superior Court, GASTON County. Heard in the Supreme Court 12 March 1987.

*Lacy H. Thornburg, Attorney General, by Jo Anne Sanford, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by David W. Dorey, Assistant Appellate Defender, for defendant-appellant.*

WHICHARD, Justice.

The sole issue is whether the trial court erred in allowing evidence of defendant's prior sexual misconduct with the victim. We hold that no error was committed.

Defendant was indicted for two counts of first degree sex offense, one for acts that allegedly occurred in September 1983 and the other for acts that allegedly occurred in May 1984. The victim in both instances was defendant's nine-year-old stepson.

Defendant's first trial ended in a mistrial when the jury was unable to reach a unanimous verdict. Prior to the second trial procedural irregularities forced dismissal of the indictment charging defendant with the 1983 offense. At that time defendant objected

to the State's using evidence of the 1983 offense to procure a conviction on the 1984 charge.

At trial the victim testified that he had lived with his mother and defendant at two locations in the Gastonia area, *viz*, Pearson's Trailer Park and a house on McFarland Street. While living on McFarland Street, defendant forced the victim to perform an act of fellatio. Defendant tied the victim's hands and feet with "big old ropes" in order to accomplish the offense.

Over objection, the victim also was allowed to testify that defendant had perpetrated an act of anal intercourse on him when they lived at Pearson's Trailer Park. The victim then testified at length and in detail about sexual acts defendant committed with him prior to those acts for which defendant was on trial.

Defendant again objected to prior acts testimony when the State sought to present corroborative statements made by the victim to a Gastonia police officer. However, the court allowed the evidence pursuant to N.C.G.S. 8C-1, Rule 404(b) on a common scheme or plan theory, and instructed the jury to consider it only for corroborative purposes. N.C.G.S. 8C-1, Rule 404(b) (1986). According to the officer, the victim gave her a statement alleging that defendant had fondled him in the genital area and forced him to have oral sex when they were living on McFarland Street. The officer also testified concerning portions of the victim's statement that implicated defendant in the uncharged acts.

During cross-examination of the victim's mother (defendant's wife), defendant elicited evidence of an earlier incident of suspected sexual abuse involving the victim. While a friend and her boyfriend were visiting from Florida, the victim's mother discovered the boyfriend in bed with the victim. The victim was naked at the time. On questioning the victim, the mother learned that the boyfriend had rubbed his genitalia against her son's rectum. The mother reported the incident to the local mental health center. The center's report was introduced into evidence.

Defendant was convicted of first degree sex offense and sentenced to life imprisonment. He appeals, contending only that the court erred in admitting the evidence of his prior sexual misconduct with the victim. He "challenges . . . the degree of legitimate probative value of that testimony."

As a general rule, evidence of other crimes is not admissible to show that a defendant acted in conformity therewith on a particular occasion. N.C.G.S. 8C-1, Rule 404(b) (1986). However, evidence of other crimes, wrongs, or acts "may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." *Id.* Both the general rule and its exceptions existed in our law long before the rules of evidence were codified. *See State v. McClain,* 240 N.C. 171, 174-76, 81 S.E. 2d 364, 364-65 (1954).

"Our Court has been very liberal in admitting evidence of similar sex crimes in construing the exceptions to the general rule." *State v. Williams,* 303 N.C. 507, 513, 279 S.E. 2d 592, 596 (1981) (quoting *State v. Green,* 294 N.C. 418, 423, 241 S.E. 2d 662, 665 (1978) ). Prior to and after the codification of Rule 404(b) this Court has held that evidence that the defendant committed similar offenses is admissible "when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission." *State v. McClain,* 240 N.C. at 176, 81 S.E. 2d at 367. *See State v. DeLeonardo,* 315 N.C. 762, 769-71, 340 S.E. 2d 350, 355-57 (1986); *State v. Effler,* 309 N.C. 742, 747-48, 309 S.E. 2d 203, 206-07 (1983); *State v. Williams,* 303 N.C. at 513, 279 S.E. 2d at 596. Here defendant, on cross-examination of a State's witness, injected the theory that a visitor from Florida, rather than defendant, was the perpetrator of the sexual offenses described by the victim. Thus, evidence of a continuing scheme to commit sexual acts against the victim was relevant to show that defendant was the perpetrator of the offense allegedly committed in May 1984.

Even if evidence is admissible under Rule 404(b), the trial court still must determine whether its probative value outweighs the danger of undue prejudice to the defendant. N.C.G.S. 8C-1, Rule 403 (1986). Defendant argues that the evidence of prior sexual misconduct failed the Rule 403 test because it was misleading to the jury, confused the issues, and was highly prejudicial. In *State v. Mason,* 315 N.C. 724, 731, 340 S.E. 2d 430, 435 (1986), this Court adopted the test currently being applied to Fed. R. Evid. 403 that "[w]hether or not to exclude evidence under [Rule 403] is a matter within the sound discretion of the trial judge." Applying

this test, we find no abuse of discretion here. Defendant's assignment of error is overruled.

No error.