STATE OF NORTH CAROLINA v. LEWIS M. SCARBOROUGH, JR.

No. 881SC140

(Filed 30 December 1988)

1. **Criminal Law § 15.1— pretrial newspaper publicity—change of venue properly denied**

    The trial court did not err in denying defendant's motion for a change of venue due to substantial pretrial publicity which prevented defendant from receiving a fair and impartial trial where defendant did not allege or prove that the information in the newspaper concerning defendant's various sex-related charges and convictions was inaccurate or untrue; defendant did not demonstrate that it was likely that the jurors would improperly base their decisions on any pretrial evidence of which they were aware; defendant produced no evidence on the circulation of newspapers containing articles about him; there was no evidence as to how the articles had affected the community's opinion of defendant; and defendant presented no evidence showing how the comments of a prospective jury member tainted the opinions of the other members as alleged.

2. **Criminal Law § 89.3— prior corroborative statement—statement sufficiently similar to witness's testimony**

    In a prosecution for second degree rape and taking indecent liberties with a minor, the statement of the prosecutrix to defendant, "I don't really want to do this," was not so inconsistent with the prosecutrix's testimony that she told defendant that they shouldn't have sex as to establish an abuse of discretion by the trial court in allowing the former statement into evidence as corroborative testimony.

3. **Criminal Law § 89.3— witness's prior statement not treated as substantive evidence**

    The trial court's instructions did not allow the jury to consider the prosecutrix's prior statement as substantive evidence.

4. **Rape and Allied Offenses § 5— second degree rape—use of force—sufficiency of evidence**

    In a prosecution for second degree rape, there was no merit to defendant's contention that there was no evidence that he used or threatened to use force so as to overcome the prosecutrix's will as contemplated by N.C.G.S. § 14-27.3(a)(1), since the State's evidence tended to show that the prosecutrix was only 15 years old and the defendant, her cousin, was 35 years old; the alleged attack took place in a dark, remote wooded area; and the prosecutrix did not scream or fight defendant because she was scared and thought it would be useless.

5. **Criminal Law § 34.1; Rape and Allied Offenses § 4.1— victim's statement about defendant's prior acts—admission prejudicial error**

    The trial court in a second degree rape case erred in allowing the prosecutrix to testify that she was scared of defendant and that she did not scream or

fight him because she knew "what he had done to other girls," even if the State's purpose in introducing the evidence was a permissible one, since the probative value of that testimony was substantially outweighed by its prejudicial effect. N.C.G.S. § 8C-1, Rules 403 and 404.

Judge GREENE concurring in part and dissenting in part.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 17 September 1987 in Superior Court, DARE County. Heard in the Court of Appeals 27 September 1988.

Upon indictment, proper in form, defendant was convicted of second-degree rape and taking indecent liberties with a minor. From that judgment, defendant now appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Robin Perkins Pendergraft, for the State.*

*John W. Halstead, Jr., for defendant-appellant.*

ORR, Judge.

The alleged facts are that on 18 January 1987, the prosecutrix was visiting with her aunt, the mother of defendant. After having been at her aunt's home all afternoon, the prosecutrix decided to go home and asked defendant for a ride. On the ride home, defendant turned down a road which was described as deserted and dark in a cut-out area of the woods. Defendant told the prosecutrix that he had something to "show" her.

The prosecutrix noticed that defendant was "playing with his private parts" and that he had taken his penis out. Defendant got out of the jeep and silently walked around to the passenger side where the prosecutrix was. He opened her door and touched her about her vaginal area through her pants and underpants. After unzipping his pants and pulling down the prosecutrix's pants and underpants, defendant had vaginal intercourse with her.

The prosecutrix testified that although she did not scream or fight defendant because she was scared and thought it would be useless, she did tell him that "we shouldn't . . . ." Defendant's response indicated that they would "do it sometime anyway."

Defendant took the prosecutrix home, dropped her off and told her "good night." Her father and stepmother were at home and awake but she did not mention the incident. It was not until

several days later that she told a girlfriend and defendant's estranged wife. Months later she told her boyfriend, who is now her husband. At his insistence, the prosecutrix told her family and spoke with a police officer about the occurrence. The prosecutrix was interviewed by Deputy Cheesman about the incident in March of 1987. Defendant was arrested and charged as previously indicated.

Several articles appeared in a local newspaper about defendant's various sex related charges and convictions between the period of 10 June 1986 and 15 September 1987. Defendant denied all allegations of wrongdoing. At trial, defendant's witnesses testified that the prosecutrix was taken home by her father and that defendant stayed at his parents' home all evening until he went to his home for the night.

I.

[1] The first issue before this Court is whether the trial court erred in denying defendant's motion for a change of venue due to substantial pretrial publicity that prevented defendant from receiving a fair and impartial trial.

In the absence of a showing by the defendant that the lower court "gross[ly]" abused its discretion on this matter, there can be no reversal of its decision. *State v. Matthews*, 295 N.C. 265, 279, 245 S.E. 2d 727, 735 (1978), *cert. denied*, 439 U.S. 1128 (1979).

The test for whether a change of venue should be granted is whether the defendant has established "that it is reasonably likely that prospective jurors would base their decision in the case upon pretrial information rather than the evidence presented at trial and would be unable to remove from their minds any preconceived impressions they might have formed." *State v. Jerrett*, 309 N.C. 239, 255, 307 S.E. 2d 339, 347 (1983).

In the instant case, defendant has neither alleged nor proven that the information in the media was inaccurate or untrue. Moreover, defendant did not demonstrate that it was likely that the jurors would improperly base their decisions on any pretrial evidence of which they were aware.

In addition, defendant produced no evidence on the circulation of newspapers containing articles about him, and there was

no evidence of how the articles had impacted on the community's opinion of him. Defendant offered testimony from one witness stating that in her opinion defendant would not receive a fair trial in the county. This witness also stated, however, that she personally did not know of any talk in the community about the defendant's circumstances.

Furthermore, defendant presented no evidence showing how the comments of a prospective jury member tainted the opinions of the other members as alleged. Veniremen were liberally removed by the defense. None of the remaining members indicated that they would have difficulty giving defendant the fair trial to which he was entitled. In the absence of some credible proof of prejudice to defendant we find no ground for reversing the lower court's decision with respect to this issue.

## II.

[2] Next, we will address whether the trial court properly permitted a prior statement of the prosecutrix which defendant alleges also included additional, inconsistent and noncorroborating matters.

Initially, it must be noted that "[t]rial judges are granted broad discretion in admitting evidence which goes to the credibility of witnesses." *State v. Covington*, 290 N.C. 313, 337, 226 S.E. 2d 629, 645 (1976). (Citation omitted.) Reversal of a decision, therefore, may be had only upon a sufficient showing of an abuse of discretion. Our Supreme Court considered a similar issue in *State v. Ramey*, 318 N.C. 457, 469, 349 S.E. 2d 566, 573 (1986). In *Ramey*, the Court stated that:

[i]n order to be corroborative and therefore properly admissible, the prior statement of the witness need not merely relate to specific facts brought out in the witness's testimony at trial, so long as the prior statement in fact tends to add weight or credibility to such testimony.

Furthermore, "[t]o be admissible as corroborative evidence, testimony of a prior statement by the witness sought to be corroborated does not have to be precisely identical to such prior testimony of that witness." *State v. Madden*, 292 N.C. 114, 128, 232 S.E. 2d 656, 665 (1977).

Deputy Cheesman's testimony did corroborate the prosecutrix's statements. He testified that the prosecutrix told defendant "I don't really want to do this." Defendant claims that statement is inconsistent with the prosecutrix's testimony that they shouldn't have sex. The two statements are not so dissimilar as to establish an abuse of discretion by the trial court in allowing the former statement into evidence as corroborative testimony. Based upon the foregoing facts, we conclude that there was no error as to this issue.

## III.

[3] Likewise, we find that there is little merit in defendant's challenge to the jury instructions. In those instructions the trial court stated that:

> [A]nything that the witness, Linda Beasley, might have said to this officer at another time is not to be considered as evidence as what was said . . . . If you find that it was, in fact, said, then you may consider it. If you find it corroborates her testimony at this trial or if it conflicts her testimony at this trial, then you may consider this . . . .

Defendant argues that the instruction allows the jury to consider the statement as substantive. However, we find that in considering the entire instruction contextually, the trial court made it clear that the evidence was not to be considered for substantive purposes. *See State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976).

## IV.

[4] Next, we are asked to consider whether defendant's motion to dismiss should have been granted as to the second-degree rape charge due to an insufficiency of the evidence.

In considering defendant's motion to dismiss, the trial court was required to "consider all the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference of fact arising from the evidence." *State v. Easterling*, 300 N.C. 594, 604, 268 S.E. 2d 800, 807 (1980).

Defendant contends that there was no evidence that he used or threatened to use force so as to overcome the prosecutrix's will as contemplated by G.S. 14-27.3(a)(1). Defendant bases his

argument on the case of *State v. Alston,* 310 N.C. 399, 312 S.E. 2d 470 (1984). The *Alston* court found that the victim's general fear of her attacker was insufficient where she had previously engaged in consensual intercourse with him. However, *State v. Etheridge,* 319 N.C. 34, 352 S.E. 2d 673 (1987) limited *Alston* to "those situations which are factually similar to *Alston.*" 319 N.C. at 47, 352 S.E. 2d at 681. Here, defendant made no allegations that he and the prosecutrix had ever engaged in consensual intercourse. Consequently, the facts in *Alston* are distinguishable.

Defendant introduced evidence which tended to imply that the prosecutrix's love for him exceeded the realm of healthy family concern and bordered on a romantic type attraction.

On the other hand, the State produced evidence which tended to show that the prosecutrix was only 15 years old and the defendant, her cousin, was 35 years old. The State's evidence indicated that the alleged attack took place in a dark remote wooded area and that the prosecutrix was scared.

Based upon the evidence which was presented, the court was correct in submitting the charge of second-degree rape to the jury. When there is conflicting evidence, it is the jury's duty to determine what the facts are and reconcile any differences between the State's evidence and the defense's evidence. *See State v. Spangler,* 314 N.C. 374, 333 S.E. 2d 722 (1985). This assignment of error is overruled.

V.

Finally, defendant contends it was error for the trial court to allow the prosecutrix to testify as to defendant's reputation in the community and as to what she believed defendant would do to her to establish her fearful state of mind and her lack of consent to the alleged rape.

Defendant argues that G.S. 8C-1, Rule 403 and Rule 404 precluded the admission of the prosecutrix's statements. He claims that he was unduly prejudiced before the jury and that he is therefore entitled to a new trial. G.S. 8C-1, Rule 403 excludes evidence which is otherwise admissible if the probative value of such testimony is substantially outweighed by its prejudicial effect. Rule 404, with limited exceptions, will preclude character evidence which is offered to show that defendant acted in conformity

with such character traits on the particular occasion involved. Such exceptions include admitting character evidence to prove *"motive,* opportunity, *intent,* preparation, *plan, knowledge,* identity or absence of mistake, entrapment or accident." *State v. McKoy,* 317 N.C. 519, 530, 347 S.E. 2d 374, 381 (1986) (emphasis in original). (Mitchell, J., concurring.)

[5]   At the trial, prosecutrix testified that she was scared of defendant and that she did not scream or fight him because she knew "what he had done to other girls." This testimony introduced evidence of defendant's prior bad conduct. In essence, the State sought to introduce through the back door what it clearly could not introduce through the front door—an attack on defendant's character by showing a disposition to commit offenses similar to those for which the defendant was on trial.

This Court is aware of the inherent dangers of allowing the jury to consider such evidence. We have stated on numerous occasions that "[e]ven if evidence is admissible under Rule 404(b), the trial court still must determine whether its probative value outweighs the danger of undue prejudice to the defendant." *State v. Frazier,* 319 N.C. 388, 390, 354 S.E. 2d 475, 477 (1987).

The evidence which was admitted could have conceivably misled the jury, confused the issues and caused the jury to decide this case on improper grounds. In light of other evidence which implied that the prosecutrix had more than a mere healthy familial love for defendant, as evidenced by her letter to defendant stating "you [defendant] need all the love and tenderness you can hold and if it comes right down to it, I will give it all to you myself," reasonable minds may have differed on whether or not the intercourse was consensual. The giving of consent would have vitiated any allegation of forced intercourse. Therefore, we cannot say that there is no reasonable possibility that another result would not have been reached if this testimony had not been admitted in error.

We conclude that even if the purpose for which the State introduced the testimony was a permissible one, the probative value of that testimony was substantially outweighed by its prejudicial effect. Therefore, we reverse the judgment entered below and order a new trial.

Reversed and remanded.

Judge SMITH concurs.

Judge GREENE concurs in part and dissents in part.

Judge GREENE concurring in part and dissenting in part.

I join with the majority except to the extent that the majority holds the prosecutrix's testimony that she did not scream or fight the defendant because she knew "what he had done to other girls" is inadmissible under N.C.G.S. Sec. 8C-1, Rule 404(b) (1986) and N.C.G.S. Sec. 8C-1, Rule 403 (1986). I find no error in the defendant's trial and would not grant him a new one.

I cannot agree that the *only* relevance of the prosecutrix's statement is to show the character of the accused and that he acted in conformity therewith. *State v. Young*, 317 N.C. 396, 412, 346 S.E. 2d 626, 635 (1986) (evidence of other offenses is admissible if it tends to prove any other relevant fact); *State v. Emery*, 91 N.C. App. 24, 33, 370 S.E. 2d 456, 461 (1988) ("evidence of other offenses is admissible so long as it is relevant to any issue other than the character of the accused"). Here the defendant was charged and convicted of second-degree rape, which offense requires proof that the offense was committed "against the will" of the victim. N.C.G.S. Sec. 14-27.3 (1986). Accordingly, the prosecutrix's evidence of her awareness of the prior conduct of the defendant is admissible to show that her "will had been overcome by her fears for her safety." *Young*, 317 N.C. at 413, 346 S.E. 2d at 636. Therefore, the prosecutrix's testimony was competent to explain her unusual defensive behavior and was probative on the issue of whether her will had been overcome in part by her fears for her safety.

Even if this evidence is admissible under Rule 404(b), its probative value must still outweigh the danger of undue prejudice to the defendant in order to be admissible under Rule 403. *State v. Frazier*, 319 N.C. 388, 390, 354 S.E. 2d 475, 477 (1987). Here the majority concludes that the probative value of the testimony was "substantially outweighed by its prejudicial effect" because the evidence "could have conceivably misled the jury, confused the issues and caused the jury to decide this case on improper

grounds." I disagree. The issue of whether to exclude the evidence under Rule 403 is a matter "within the sound discretion of the trial court, 'and his ruling may be reversed for an abuse of discretion only upon a showing that it "was so arbitrary that it could not have been the result of a reasoned decision." ' " *State v. Jones*, 89 N.C. App. 584, 594, 367 S.E. 2d 139, 145 (1988) (citations omitted). Here the record discloses no abuse of discretion by the trial court in admitting this evidence.